Curia, per
O’Neall, J.
In these cases, this Court is satisfied with the judgment of the Judge below, and concurs fully in his view of the law.
It is deemed proper, however, to remark, in addition to his observations, that the understanding, between the plaintiff’s attorney and the sheriff, that the money paid by the defendants under the notice not to pay it over, should be refunded, if it should be decided that the defendants were not properly charged *555 with costs, places the case in the same position as if the money were now, under this rule, brought into Court by the sheriff. This obviates all the difficulty, which might otherwise have-arisen from the money being paid over.
It is perfectly plain, on the reasoning of the Judge below, that the decree for costs is against the statute law of the State. It is impossible such a judgment should stand. It is, however, due to the Judge who gave the decree below to say, that the decree on the back of the process is not what he intended. His decree written on the docket, was what the clerk ought to have copied in the minutes, and that would have carried out the Judge’s intention, to make each party pay his own costs. The decree written on the back of the process, is intended to be a guard against the mistakes which sometimes occur in entering up decrees from the docket.
The decree was written by the plaintiff’s attorney, doubtless without any intention of stating it wrong. But the moment he found that it differed from the decree on the docket, instead of enforcing it, in the way which was done, he should have waited for the decision by the Court, whether the defendants were liable for costs.
The motions are dismissed.
Evans, Withees and Whitner, JJ., concurred.

Motion dismissed.